## FORBES *v.* MUXLOW.

### (*City Court of New York, Special Term.* April 26, 1890.)

JUDGMENT BY DEFAULT—DEATH OF ATTORNEY—SUBSTITUTION—STAY OF PROCEEDINGS.
   Where plaintiff, on the death of defendant's attorney, serves notice on defendant to appoint another attorney, as provided by Code Civil Proc. N. Y. § 65, which stays all proceedings for 30 days after such service, the fact that notice of the substitution of another attorney for defendant is served on plaintiff within the 30 days will not enable him to take an inquest and enter judgment by default before the expiration of the 30 days.

Action by Forbes against Muxlow. Plaintiff obtained judgment by default, and defendant now moves that the cause be set aside. Code Civil Proc. N. Y. § 65, provides: "If an attorney dies, is removed or suspended, or otherwise becomes disabled to act, at any time before judgment in an action, no further proceedings shall be taken in the action against the party for whom he appeared until 30 days after notice to appoint another attorney has been given to that party, either personally or in such other manner as the court directs."

*Henry A. Foster*, for plaintiff. *W. H. Newman*, for defendant.

Giegerich, J. On March 11, 1890, the plaintiff obtained an order of this court permitting him to serve upon the defendant a notice by mail to appoint another attorney in place of E. P. Wilder, Esq., who died on or about March 9, 1890. On April 2, 1890, a notice was served upon the plaintiff's attorney that James M. Smith, Esq., appeared for the defendant as her attorney. On April 7, 1890, the plaintiff took an inquest at trial term in the absence of the defendant, and subsequently and on the same day entered judgment against her. I am of the opinion that all proceedings on the part of the plaintiff herein were stayed for 30 days after the notice in question was served upon the defendant, (Code Civil Proc. § 65; *Hickox* v. *Weaver*, 15 Hun, 375;) and, as the stay had not expired when the inquest was taken and the judgment was entered, the same were irregularly taken and entered. It therefore follows that the inquest so taken and the judgment so entered must be vacated and set aside, with $10 costs to the defendant.